J-S20015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MILLER, III | : | |
| | : | |
| Appellant | : | No. 718 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001227-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WILLIAM MILLER, III | : | |
| | : | |
| Appellant | : | No. 1743 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001228-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: AUGUST 29, 2025**

Appellant, Robert W. Miller, III, appeals from the judgment of sentence entered on February 1, 2024, following his jury trial convictions for two counts of rape by threat of forcible compulsion, two counts of involuntary deviant sexual intercourse (IDSI) by forcible compulsion, sexual assault, aggravated indecent assault without consent, aggravated indecent assault by threat of forcible compulsion, aggravated indecent assault on complainant less than 16

years of age, corruption of minors, endangering the welfare of a child, indecent assault by threat of forcible compulsion, and indecent assault without consent at trial court docket number CP-54-CR-0001228-2022 (Case 1228-2022).[1] At trial court docket number CP-54-CR-0001227-2022 (Case 1227-2022), Appellant further appeals from the judgment of sentence entered on February 1, 2024, following his jury trial convictions for intimidation of a victim, terroristic threats, corruption of minors, simple assault, recklessly endangering another person, and harassment.[2] After careful consideration, we affirm both judgments of sentence.

We briefly summarize the facts of this case, as gleaned from the trial court opinion, as follows. On June 10, 2022, K.T., the 17-year-old stepdaughter of Appellant, reported to police that, since she was 14 years old, Appellant sexually assaulted her multiple times at their home in Pine Grove, Schuylkill County, Pennsylvania. *See* Trial Court Opinion, 7/16/2024, at 4-6. More specifically, at trial, the victim testified that the assaults began with Appellant digitally penetrating her vagina with his fingers when she was 14 years old. *Id.* at 5. The victim further testified that Appellant put his penis in her vagina when she was 16 years old. *Id.* When she was 17 years old, the victim stated that Appellant performed oral sex on her, forced her to

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(2), 3123(a)(1), 3124.1, 3125(a)(1), 3125(a)(3), 3125(a)(8), 6302(a)(1)(ii), 4304(a)(1), 3126(a)(3), and 3126(a)(1), respectively.

[2] 18 Pa.C.S.A. §§ 4952, 2706, 6301, 2701, 2705, and 2709, respectively.

perform oral sex on him, and had vaginal sex with her twice. *Id.* at 6. When the victim confronted Appellant in 2022, "Appellant started going crazy and got physical with [K.T.,] started calling her names[, and] tried to bribe her with a car and money[.]" *Id.* at 7. Appellant then retrieved a gun, pointed it at the victim, and told her that "if she doesn't shut up or take it back, he was going to bury her in the backyard." *Id.*

The Commonwealth charged Appellant with "a number of sexual offenses in Case 1228-2022 and threatening the same victim with a gun and other related offenses in Case 1227-2022." *Id.* at 1. The cases were consolidated for a two-day jury trial that commenced on September 11, 2023. *Id.* The jury found Appellant guilty of the aforementioned charges. Thereafter, on February 1, 2024, the trial court sentenced Appellant to an aggregate term of 19-38 years of imprisonment at Case 1228-2022 and a consecutive, aggregate sentence of 6 to 12 years' incarceration at Case 1227-2022. *Id.* at 1-2. This timely appeal resulted.[3]

_____

[3] Appellant filed a timely post-sentence motion at Case 1227-2022, but failed to file a post-sentence motion at Case 1228-2022. Ultimately, after recognizing the error and obtaining new counsel, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his right to file post-sentence motions *nunc pro tunc*. On October 4, 2023, the trial court granted *nunc pro tunc* relief. On November 12, 2024, Appellant filed timely post-sentence motions at both dockets. The trial court denied Appellant's post-sentence motions on November 12, 2024. On December 2, 2024, Appellant filed notices of appeal. On December 24, 2024, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued opinions pursuant to Pa.R.A.P. 1925(a) on July 16, 2024, and January 22, 2025. The January 22,
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues for our review:

1. For [Case 1227-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that Appellant committed any violent or otherwise criminal act towards the [complainant] as allowed for convicted of: intimidation of a witness/victim[,] terroristic threats[,] corruption of minors[,] simple assault[,] recklessly endangering another person[,] and harassment?

2. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that Appellant twice engaged in sexual intercourse by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution [to support convictions for rape by threat of forcible compulsion?]

3. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant had twice engaged in [IDSI?]

4. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant had engaged in sexual intercourse or [IDSI] with the complainant [to support a conviction for sexual assault?]

5. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant had engaged in penetration, however slight, of the genitals or anus of the person's body for any purpose other than good faith medical, hygienic, or law enforcement procedures [without consent to support a conviction for] aggravated indecent assault[?]

6. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant had engaged in [] penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic, or law enforcement procedures [to support a conviction for]

_____

2025 opinion largely adopts the findings and legal analysis from the July 16, 2024 opinion.

aggravated indecent assault [] by threat of forcible compulsion[?]

7. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant had engaged in [] penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic, or law enforcement procedures [to support a conviction for] aggravated indecent assault [where] the complainant is less than 16 years of age and the person is four or more years older that the complainant and the complainant and the person are not married to each other [to support a conviction for aggravated indecent assault?]

8. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant had [engaged in a] course of conduct[,] corrupted or tended to corrupt the morals of any minor less than 18 years of age, or aided, abetted, enticed or encouraged any  minor in the commission of an offense[?]

9. For [Case 1228-2022], whether the evidence was insufficient to prove beyond a reasonable doubt that [] Appellant knowingly endangered the welfare of a child by violating a duty of care, protection, or support[?]

10. For [Case 1228-2022], whether the evidence was insufficient [to support a conviction for indecent assault] by proving beyond a reasonable doubt that [] Appellant had indecent contact with the complainant, caused the complainant to have indecent contact with [him] or intentionally caused the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in [Appellant] or the complainant and did so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution?

11. For [Case 1228-2022], whether the evidence was insufficient [to support a conviction for indecent assault] by proving beyond a reasonable doubt that [] Appellant had indecent contact with the complainant, caused the complainant to have indecent contact with [him] or intentionally caused the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in [Appellant] or the complainant and did so without the complainant's consent?

12. Whether the trial court erred and abused its discretion [in] denying Appellant's motion for a new trial, which alleged that the verdict was against the weight of the evidence?

13. Whether the trial court erred and abused its discretion [in] denying Appellant's motion for a new trial due to prosecutorial misconduct that occurred during jury deliberations?

14. Whether the trial court erred and abused its discretion [in] denying Appellant's motion *in limine* to preclude evidence that [] Appellant had engaged in any other physical abuse, discipline, or corporal punishment of the complainant or his other children?

15. Whether the trial court erred and abused its discretion [in] denying Appellant's motion *in limine* to preclude testimony from Jo Ellen Bowman, the Commonwealth's expert on child sexual violence and responses?

Appellant's Brief at 11-17 (statutory citations, complete capitalization, and suggested answers omitted).[4]

Appellant's first eleven appellate issues challenge the sufficiency of the evidence presented at trial and his twelfth issue alleges that the verdict was

_____

[4] We remind counsel of the wise words written many years ago by the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:

With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to **any** of them ... [and] it is [this] presumption ... that reduces the effectiveness of appellate advocacy.

Aldisert, "The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of the Appellate Judge," 11 Cap. U.L. Rev. 445, 458 (1982) (emphasis in original).

contrary to the weight of the evidence. In general, these claims target alleged deficiencies in the evidence introduced at trial based upon conflicts in the proof and the complainant's lack of credibility. **See** Appellant's Brief at 27 ("In the instant matter, there was conflicting evidence presented as to whether Appellant made any statements towards [the complainant] to prevent her from reporting him to police."); **see id.** at 29 (Witnesses "negated any evidence to show that Appellant had put [the complainant] in fear of injury with a firearm[, no one] saw the firearm nor heard any threats[;] there was no evidence of any actual danger [] witnesses on the scene both contested that the firearm was actually pulled[;] there was conflicting testimony about what, if anything, Appellant could have done for harassment."); **see id.** at 30 ("Here, the credibility issues of the complaining witness tend to show that no sexual activity took place. Specifically, the numerous impeachments regarding her statements to law enforcement about when these alleged incidents took place and how old she was. There is also the factor that [the complainant] had previously made a sexual abuse allegation against another family member."); **see also id.** at 31-35 (citing "the conflicting statements by the complainant as to what actually occurred and other numerous credibility issues"). Similarly, Appellant argues that all of his convictions were against the weight of the evidence and "the jury's verdict should shock one's sense of justice" because [t]he complaining witness was impeached numerous times with her prior statements and confronted with conflicting details." **Id.**

at 40. Because of these similarities, we shall address Appellant's sufficiency and weight claims in the same general discussion.

Before we commence our analysis, we note that the trial court found that Appellant failed to state, with regard to his sufficiency of the evidence claims, which element or elements the Commonwealth failed to prove beyond a reasonable doubt. **See** Trial Court Opinion, 7/16/2024, at 6 ("Appellant did not identify the element(s) of the crime(s) allegedly not proven by the Commonwealth in Case 1228-2022."); **see id.** at 7 ("Appellant did not identify the element(s) of the crime(s) allegedly not proven by the Commonwealth in Case 1227-2022."). Before the trial court, Appellant's claims lacked specificity, as Appellant failed to identify the element or elements of the individual crimes that he believes were not sufficiently proven at trial. For this reason, Appellant's sufficiency claims are subject to waiver.[5]

_____

[5] This Court has previously determined:

> [w]e have repeatedly held that [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements which the appellant alleges that the evidence was insufficient.
>
> ... Therefore, when an appellant's 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient[,] ... the sufficiency issue is waived on appeal.
>
> Such specificity is of particular importance in cases where[ ] the appellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*(Footnote Continued Next Page)*

- 8 -

We start with Appellant's sufficiency challenges, where our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth [need] not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Anderson*, 299 A.3d 894 (Pa. Super. 2023) (citation omitted; brackets in original). Alleged variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence. *See Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018). "It is well-settled that even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." *Commonwealth v. Gilliam*, 249 A.3d 257, 268 (Pa. Super. 2021) (internal quotation and citation omitted).

---

*Commonwealth v. Rivera*, 238 A.3d 482, 496 (Pa. Super. 2020) (internal citations and quotations omitted; brackets in original).

Here, after conducting a thorough review of the victim's trial testimony, the trial court observed:

> [T]he jury was free to believe all, part or none of the testimony of [the victim]. Clearly, they found [her] testimony [] to be credible. [The victim] testified in detail how over a period of years [] Appellant would make comments to her and touch her inappropriately. She testified in detail about how [] Appellant would insert his fingers into her vagina, perform oral sex upon her and make her perform oral sex on him. She testified in detail how [] Appellant inserted his penis into her vagina on several occasions. [The trial court found] that the evidence at trial and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner was sufficient to establish [the sexual crimes docketed at Case 1228-2022] beyond a reasonable doubt.
>
> *   *   *
>
> [T]he jury was free to believe the testimony of [the victim] and the jury found the testimony credible that [the victim] told her mother about the sexual abuse [by] Appellant and that [] Appellant confronted [the victim] and pointed a gun at her. The evidence was sufficient to prove beyond a reasonable doubt that [] Appellant had committed crimes of intimidation of a witness/victim [and other attendant crimes and] that there was ample evidence for the jury to find [] Appellant guilty of all charges in Case 1227-2022.
>
> *   *   *
>
> The jury's findings are supported by the record as the jury and [the trial c]ourt found the testimony of [the victim] credible and therefore the verdict is not contrary to the evidence to shock one's sense of justice. The motion for a new trial challenging the weight of the evidence was properly denied and this court did not err or abuse its discretion in denying [] Appellant's motion that the verdict was against the weight of the evidence.

Trial Court Opinion, 7/16/2024, at 6-9 (unnecessary capitalization omitted).

Upon review of the certified record, the trial court opinions, and applicable law, we discern no trial court error or abuse of discretion in ruling on Appellant's sufficiency claims. The jury was free to believe all, some or none of the evidence, and we will not usurp their determination. The uncorroborated testimony of the victim was sufficient to convict Appellant of all of the alleged crimes at both dockets. Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, as required, there was sufficient evidence to enable the jury to find every element of the crimes beyond a reasonable doubt. Thus, the trial court correctly determined that the victim's testimony allowed the Commonwealth to meet its burden of proof.

Furthermore, our standard of review for weight-of-the-evidence claims is as follows:

> [o]ur standard of review in addressing weight of the evidence claims is whether the trial court has exercised an abuse of discretion by overriding or misapplying the law or rendering a judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is or is not against the weight of the evidence. Accordingly, for an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Williamson***, 330 A.3d 407, 419 (Pa. Super. 2025) (internal citations and quotations omitted).

Applying this standard, we give the gravest consideration to the findings and reasons advanced by the trial judge regarding the weight of the evidence. The trial court determined that the evidence was not so tenuous, vague, and/or uncertain that the verdict shocked its conscience. The record adequately supports the trial court's decision and, therefore, we conclude that the trial court did not abuse its discretion in ruling on Appellant's weight claim. As such, Appellant is not entitled to relief on his first twelve appellate issues as presented.

Next, Appellant claims that the trial court erred by denying his motion for a new trial based on prosecutorial misconduct. Appellant's Brief at 43-45. Appellant claims that Shelby Hostetter, Esq., an attorney with the Schuylkill County District Attorney's Office, "deliberately attempted to destroy the [jury's] objectivity" when, within two to three feet outside the deliberation room, she loudly stated, "What is taking so long?" ***Id.*** at 44-45. Appellant further maintains that "[i]t is irrelevant whether the jurors heard it, but instead it matters whether she said the comment loud enough with the intention that they hear it and come to a speedy resolution of the case." ***Id.*** at 45.

We employ the following standards:

Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. It is within the discretion of the trial court to determine whether a defendant

has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted.

The Pennsylvania Supreme Court has stated that the essence of a finding of prosecutorial misconduct is that the prosecutor, a person who holds a unique position of trust in our society, has abused that trust in order to prejudice and deliberately mislead the factfinder. Prosecutorial misconduct will justify a new trial where the unavoidable effect of the conduct or language was to prejudice the factfinder to the extent that the factfinder was rendered incapable of fairly weighing the evidence and entering an objective verdict. If the prosecutorial misconduct contributed to the verdict, it will be deemed prejudicial and a new trial will be required.

\*        \*        \*

The touchstone is the fairness of the trial, not the culpability of the prosecutor.

***Commonwealth v. Melvin***, 103 A.3d 1, 26–27 (Pa. Super. 2014) (cleaned up). "Our review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial." ***Commonwealth v. Rayner***, 153 A.3d 1049, 1058 (Pa. Super. 2016).

Initially, we note that the trial court recognized that "Appellant's counsel at the time heard the statement [at issue] and took no further action because she did not feel that any action was warranted." Trial Court Opinion, 7/16/2024, at 11. Our Supreme Court has held that the failure to make a contemporaneous objection to allegedly improper comments by a prosecutor constitutes waiver. ***See Commonwealth v. Spotz***, 18 A.3d 244, 278 (Pa. 2011) ("Because Appellant did not object to the prosecutor's comments, the issue was not preserved for direct appeal, but rather was waived.").

Regardless, the trial court determined that the jury could not hear the statement because "court attendants were in [a] room between the hallway and the jury deliberation room and they never heard the statement and one of them was always in the room between the hallway and the jury deliberation room while the jury was deliberating [and] the jury was in a separate room with the door closed at all times." Trial Court Opinion, 7/16/2024, at 11. Upon review, we find Appellant's misconduct claim waived but otherwise discern no abuse of discretion or error of law. Appellant failed to contemporaneously object and there is no evidence that Appellant was prejudiced or that the Commonwealth deliberately misled the factfinder to the extent that the jury was rendered incapable of fairly weighing the evidence and entering an objective verdict. As such, Appellant's thirteenth appellate issue lacks merit.

Appellant's last two appellate issues challenge the trial court's denial of his pretrial motions in *limine* to bar certain evidence at trial. On these issues our Supreme Court has determined:

> It is well settled that evidentiary rulings are within the sound discretion of trial courts. Accordingly, when a party adverse to a trial court's evidentiary ruling seeks appellate review of that determination, that party carries a heavy burden to demonstrate that the trial court abused its discretion. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power.
>
> Regarding the abuse of discretion standard of review, [the Pennsylvania Supreme] Court has explained that the term

discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the trial judge. Absent an abuse of that discretion, an appellate court should not disturb a trial court's discretionary ruling. An appellate court will not find an abuse of discretion based on a mere error of judgment, but rather [discretion is abused] where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Importantly, an appellate court should not find that a trial court abused its discretion merely because the appellate court disagrees with the trial court's conclusion. Indeed, when reviewing the trial court's exercise of discretion, it is improper for an appellate court to step into the shoes of the trial judge and review the evidence *de novo*. In other words, an appellate court may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court.

***Commonwealth v. DiStefano***, 265 A.3d 290, 297–298 (Pa. 2021) (internal citations, quotations, and original brackets omitted).

In his first evidentiary challenge, Appellant contends that he "sought to bar any mention that he had physically disciplined" the complainant and that such evidence "served no purpose other than to prejudice the jury against him." Appellant's Brief at 35. Appellant argues that the complainant testified at trial that Appellant disciplined her "a lot" by hitting her with a paddle and pulling her hair on a weekly basis. *Id.* at 36. Appellant asserts that the trial court erroneously denied his pretrial request to preclude such evidence pursuant to Pa.R.E. 404(b), pertaining to the admission of evidence of character, as well as other crimes, wrongs, or acts. *Id.* Appellant contends that the Commonwealth argued that it was "introducing this evidence to show

the victim was fearful of Appellant and that [was] why she delayed reporting" but, instead, at trial the Commonwealth "simply elicited that [the] conduct occurred and moved on." *Id.* Accordingly, Appellant argues that "the Commonwealth's true purpose in introducing this evidence was to paint Appellant as an abusive stepfather as early in [its] case as possible so the jury would be less inclined to weigh the evidence impartially" and "to imply to the jury that because he had performed abusive acts in the past, he was abusive in this instance as well." *Id.* at 38.

> Our Supreme Court has held:
>
> Prior acts are admissible to show ill will, motive, malice, or the nature of the relationship between the defendant and the [victim].
>
> In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (Introduction of "evidence showing [Johnson] physically punished and hit victim … show[ed] the nature of [their] relationship [] specifically, the nature and extent of his physical discipline of victim [and] was probative to show the developing relationship[.]").

Here, the trial court determined that the Commonwealth's proffered evidence of Appellant's physical discipline and corporal punishment of the victim showed that she was afraid of him and that he influenced her decision to delay or decline reports of abuse. Trial Court Opinion, 7/16/2024, at 13. "The [trial] court ruled that the fact that [] Appellant used corporal punishment

was not a bad act but it dealt more with the relationship between [] Appellant and [the victim]." *Id.*  As such, the trial court found that the probative value outweighed the prejudice to Appellant.  Based upon our standard of review and applicable law, we discern no abuse of discretion or error of law.  The prior acts were admissible to show ill will and the nature of the relationship between Appellant and the victim.  This evidence was especially relevant in this matter, where Appellant was also charged with, and convicted of, intimidating the victim.

For his second evidentiary challenge, Appellant argues that the trial court erred in allowing Jo Ellen Bowman, a licensed social worker and proffered expert for the Commonwealth, to testify generally about child sexual assault and behavioral responses.  Appellant's Brief at 38.   Appellant maintains that the evidence was "so generalized as to make it irrelevant and prejudicial for Appellant" and served no other purpose "than to garner sympathy for the Commonwealth." *Id.* at 39.

Our standard of review in cases involving the admission of expert testimony is broad: "Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." ***Commonwealth v. Watson***, 945 A.2d 174, 176 (Pa. Super. 2008) (citation omitted).  "An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice." *Id.* (citation omitted).  "[A] witness may be qualified by the court as an expert if the witness has specialized knowledge

beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after [episodes of assault]." 42 Pa.C.S.A. § 5920(b)(1). "If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors." 42 Pa.C.S.A. § 5920(b)(2). "The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible." 42 Pa.C.S.A. § 5920(b)(3). Section 5920 "explicitly provides that a properly qualified expert may testify to facts and opinions regarding specific types of victim responses and behaviors in certain criminal proceedings involving sexual assaults, provided experts do not offer opinions regarding the credibility of any witness, including the victim." **Commonwealth v. Jones**, 240 A.3d 881, 897 (Pa. 2020). "Unlike many other types of expert testimony, Section 5920 experts generally abstain from reviewing the specific facts of the cases in which they testify, given the directive in Section 5920 that the expert witness abstain from discussing opinions regarding the credibility of the victim or any other witness." **Commonwealth v. Dunn**, 300 A.3d 324, 336 (Pa. 2023), *citing* 42 Pa.C.S.A. § 5920(b)(3).

On this issue, the trial court recounted:

At trial, the Commonwealth qualified Ms. Bowman as an expert in sexual assault and child behavior to responses to sexual assault. Ms. Bowman testified that under [Section 5920,] the statute that permits her testimony[,] that she was not permitted to know any of the details about the specific case. She testified in general about [response] dynamics and victim behavior. She talked in general about how children disclose sexual assault abuse. She testified that there are a lot of dynamics as to why a child may not disclose or may not report sexual assault. Ms. Bowman testified in accordance with the statute and Ms. Bowman testified that she never met the victim or [] Appellant in the instant matter and that she knew nothing about the facts in the instant case. [The trial] court did not err in denying Appellant's motion in *limine* to preclude testimony from Jo Ellen Bowman on child sexual violence and responses as she testified as an expert pursuant to 42 Pa.C.S.[A.] § 5920.

Trial Court Opinion, 7/16/2024, at 15.

We discern no abuse of discretion or error of law in permitting Jo Ellen Bowman to testify as an expert pursuant to Section 5920. Section 5920 permits a properly qualified expert to testify to facts and opinions regarding specific types of victim responses and behaviors in criminal proceedings involving sexual assaults, provided the expert does not offer opinions regarding the credibility of any witness, including the victim. Here, there is no dispute that Ms. Bowman qualified as an expert under Section 5920. She provided general facts and opinions regarding victim responses and victim behaviors. She did not offer an opinion regarding credibility and abstained from reviewing the specific facts of this case in conformity with the directive in Section 5920 that expert witnesses abstain from discussing opinions regarding the credibility of the victim. Section 5920 only permits generalized evidence pertaining to victim responses and behaviors in criminal proceedings

involving sexual assaults. As such, we reject Appellant's suggestion that the Commonwealth's evidence in this case was "too generalized." For all of the foregoing reasons, Appellant's final claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/29/2025</u>